Galen F. CHARLES, Petitioner–
Appellant,

v.

Michael NELSON and the Attorney
General of the State of Kansas,
Respondents–Appellees.

No. 01–3015.

United States Court of Appeals,
Tenth Circuit.

Aug. 21, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined

* This order and judgment is not binding prece-

dent, except under the doctrines of law of the

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

State prisoner Galen F. Charles, proceeding pro se, seeks to appeal the dismissal of his 28 U.S.C. § 2254 habeas corpus petition.

Petitioner was convicted in Saline County District Court in Salina, Kansas, on one count of robbery. Petitioner was accused of taking $60 from the cash register drawer at a Total Petroleum service station when the clerk opened the register to make change. In his petition to the United States District Court for the District of Kansas, Petitioner contended: (1) the state district court violated Kansas evidentiary statutes in admitting identification evidence without a proper foundation; and (2) the prosecutor, in closing argument, improperly disparaged defense counsel and referred to evidence not admitted to the jury. Both claims had been rejected by the Kansas Court of Appeals. The district court denied the habeas petition, holding that the Kansas Court of Appeals' adjudications of Petitioner's claims were neither contrary to nor involved an unreasonable application of clearly established Supreme Court precedent, as required by 28 U.S.C. § 2254(d)(1). Petitioner now seeks a certificate of appealability to appeal the district court's decision.

In order for this court to grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

After a careful review of the petition, the district court's opinion, and the relevant record, we conclude that, for substantially the same reasons as those enunciated by the district court, Petitioner does not present a debatable question for reasonable jurists. The issues raised involved state evidentiary issues not implicating the Federal Constitution.

Thus, we DENY Petitioner's motions for a certificate of appealability and for appointment of counsel and DISMISS the case.

---

case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order

and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.